UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIANI DODSON, individually and
TIANI DODSON as NEXT FRIEND OF
HER MINOR DAUGHTER, L.D.,

    Plaintiff,

v.

KARLA NAVA LOPEZ,
DION EMANUEL,
PETER YI, ERNEST WILSON,
S.K. KUE, B.I. FERREIRA, F. TOTI,
S.W. CHOUCAIR, and the CITY OF
DETROIT, Jointly and Severally,

    Defendants.

---

HANNAH R. FIELSTRA (P82101)
KEVIN S. ERNST (P44223)
**ERNST CHARARA & LOVELL, PLC**
Counsel for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
(313) 965-5556—Fax
hannah@ecllawfirm.com

---

## COMPLAINT AND JURY DEMAND

Plaintiff Tiani Dodson, individually and as Next Friend of her minor daughter, L.D., and by and through counsel Ernst Charara & Lovell, PLC, states as follows for her Complaint against the above-named Defendants:

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 USC §§1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and under the statutes and common law of the State of Michigan.

2. This lawsuit arises out of events occurring within Detroit, Wayne County, Michigan.

3. Jurisdiction is proper pursuant to 28 USC §§ 1331, 1343, and 1367.

4. Venue is proper pursuant to 28 USC § 1391(b)(1) and (2).

## PARTIES

5. Plaintiff Tiani Dodson is a 46-year-old woman residing in Detroit, Wayne County, Michigan. Plaintiff is, and was at all times relevant hereto, a citizen of the United States and State of Michigan. Plaintiff brings this lawsuit on behalf of herself and as Next Friend of her minor daughter, L.D., who was 17 years old at the time of the subject incident described herein.

6. Defendant Karla Nava Lopez is a woman residing in Wayne County, Michigan. Upon information and belief, Defendant Lopez was at all times relevant hereto a citizen of the United States and State of Michigan. Upon further information and belief, Defendant Lopez is/was the owner of a rental property located at 6416 Barton St, Detroit, Michigan 48210 and was Plaintiff's landlord.

7. Defendant Dion Emanuel is a man residing in the Eastern District of Michigan. Upon information and belief, Defendant Emanuel was at all times relevant hereto a citizen of the United States and State of Michigan. Upon further information and belief, Defendant Emanuel is/was the property manager of a rental property located at 6416 Barton St, Detroit, Michigan 48210 and was the agent of Plaintiff's landlord.

8. Defendant Peter Yi was at all times relevant hereto a Detroit Police Department officer and is being sued in his individual capacity. Upon information and belief, Defendant Yi is a citizen of the United States and the state of Michigan and resides in the Eastern District of Michigan.

9. Defendant S.K. Kue was at all times relevant hereto a Detroit Police Department officer and is being sued in his individual capacity. Upon information and belief, Defendant Kue is a citizen of the United States and the state of Michigan and resides in the Eastern District of Michigan.

10. Defendant B.I. Ferreira was at all times relevant hereto a Detroit Police Department officer and is being sued in his individual capacity. Upon information and belief, Defendant Ferreira is a citizen of the United States and the state of Michigan and resides in the Eastern District of Michigan.

11. Defendant F. Toti was at all times relevant hereto a Detroit Police Department officer and is being sued in his individual capacity. Upon information

and belief, Defendant Toti is a citizen of the United States and the state of Michigan and resides in the Eastern District of Michigan.

12. Defendant S.W. Choucair was at all times relevant hereto a Detroit Police Department officer and is being sued in his individual capacity. Upon information and belief, Defendant Choucair is a citizen of the United States and the state of Michigan and resides in the Eastern District of Michigan.

13. Defendant Ernest Wilson was at all times relevant hereto a Detroit Police Department officer and the supervising officer over Defendant officers Yi, Kue, Ferreria, Toti, and Choucair. Defendant Wilson is sued in his individual and supervisory capacities. Upon information and belief, Defendant Wilson is a citizen of the United States and the state of Michigan and resides in the Eastern District of Michigan.

14. The above-named Defendants, when referenced collectively, are hereinafter referred to as the "Defendant Officers."

15. Defendant City of Detroit is a municipality located in Wayne County, Michigan that employed the Defendant Officers as police officers for the Detroit Police Department.

16. At all material times, each of the Defendants acted under color of laws, statutes, ordinances, policies, practice, customs, and usages of the State of Michigan, City of Detroit, and the Detroit Police Department.

17. The claims brought herein are cognizable under the United States Constitution and 42 USC § 1983, as well as the statutes and common law of the state of Michigan.

## FACTUAL ALLEGATIONS

18. On or about March 12, 2019, Plaintiff Tiani Dodson and Defendant Karla Nava-Lopez entered into a residential lease agreement wherein Plaintiff leased a home from Defendant Lopez located at 6416 Barton, Detroit, Michigan 48210.

19. Under the provisions of the lease agreement, the property was to be used as residential premises only and Plaintiff's tenancy was to commence on April 1, 2019 and continue on a month-to-month basis. Included in the lease was a provision stating that "Any notice to terminate this tenancy must comply with the applicable legislation of the State of Michigan."

20. Plaintiff and her minor daughter, L.D., took possession of the residential property on or about July 3, 2019, and lived in the residence located at 6416 Barton, Detroit, Michigan as their primary and sole residence from that time until November 2019.

21. On November 9, 2019, while Plaintiff Tiani Dodson was away from her residence, she received a call from her daughter L.D., informing her that an unknown woman was in their home.

22. Plaintiff rushed home and shortly thereafter arrived at the 6416 Barton residence. Several police officers, including Defendants Yi, Kue, Ferreira, Toti, and Choucair arrived on scene at the same time as Plaintiff, or shortly after.

23. Plaintiff was then informed by the woman, who identified herself as Defendant Karla Nava-Lopez, that Lopez was her landlord and that Plaintiff and her daughter were being evicted that same day.

24. Plaintiff had never met Defendant Lopez prior to November 9, 2019, nor had Defendant Lopez provided Plaintiff any eviction proceedings documents, orders, or otherwise served Plaintiff with a lawsuit for eviction, as required by Michigan law.

25. Instead, Defendant Lopez produced a "Notice to Quit to Recover Possession of Property" for the 6416 Barton, Detroit, Michigan address that was dated May 22, 2019 signed by Defendant Dion Emanuel and listing Defendant Emanuel as "Property Manager" and an agent of the premises owner. This document had never been provided to Plaintiff until November 9, 2019.

26. Moreover, neither Defendant Lopez, nor anyone on her behalf, had filed eviction proceedings against Plaintiff, as required under Michigan law, or otherwise notified Plaintiff of their intent to evict her until November 9, 2019.

27. Plaintiff informed Defendant Lopez, as well as the Defendant Officers, that Lopez's document was insufficient and that she could not be evicted

without eviction proceedings. Plaintiff also produced to Defendant Lopez and the Defendant Officers a copy of her lease agreement as well as a copy of a utility bill in Plaintiff's name.

28. The Defendant Officers reviewed the Notice to Quit document provided by Defendant Lopez and wrongly determined that it was sufficient for them to enforce an eviction that same day against Plaintiff.

29. The Defendant Officers stated to Plaintiff that there is "nothing they can do" and that she was required to leave the premises immediately.

30. Further, after being provided a copy of Plaintiff's lease agreement, Defendant Wilson informed her that the lease was "fraudulent" and told Plaintiff that she must start moving out of the residence immediately.

31. The Defendant Officers then stood by and watched as Plaintiff removed all of her belonging from her residence. The Defendant Officers laughed as Plaintiff struggled to quickly remove all her belongings. However, due to the immediacy of her eviction, Plaintiff was forced to leave several effects behind, including a mattress. Her belongings were thrown outside by Defendant Officers.

32. Since being forced to leave her prior residence without an Order requiring them to do so, Plaintiff and her daughter were homeless.

33. As a result of the actions and/or omissions of Defendants, Plaintiff has suffered severe injuries and damages as hereinafter alleged.

## COUNT I: CONSTITUTIONAL VIOLATIONS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

34. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

35. Plaintiff had a constitutional right under the Fourth Amendment, incorporated through the Fourteenth Amendment, to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law, and the right to be free from unlawful search and seizures.

36. Plaintiff also had an independent constitutional right under the Fourteenth Amendment to be free from a deprivation of liberty, property, bodily security, and integrity without due process of law.

37. Michigan law generally requires that a landlord institute formal eviction proceedings against a tenant prior to evicting them.

38. Further, a Notice to Quit to recover possession of a residence must be served on a tenant at least 7 days prior to instituting eviction proceedings against the tenant. See MCL 554.134.

39. Notwithstanding Michigan's clearly established eviction proceedings, Plaintiff was at the very least entitled to a due process hearing prior to a deprivation of her property interest in her home.

40. Neither Defendant Lopez nor Defendant Emanuel instituted eviction proceedings against Plaintiff at any time, nor did they serve Plaintiff with a Notice to Quit to recover possession of the premises prior to November 9, 2019, the date on which Plaintiff was forced to leave her home.

41. Plaintiff and her daughter had constitutionally recognized and clearly established property interests in their residence, as well as liberty interests in not being forcibly removed from said residence and forced into homelessness.

42. Defendant Officers seized Plaintiff and her daughter without probable cause or reasonable suspicion and caused them to be dispossessed of their home without adequate pre- or post-deprivation due process.

43. In fact, Plaintiff was provided no pre-deprivation due process whatsoever.

44. Defendants maliciously and without probable cause forced Plaintiff to be evicted without prior notice, in violation of her Constitutional rights and in blatant derogation of the laws of the state of Michigan.

45. Defendants intentionally violated the civil rights of Plaintiff through their malicious and wanton disregard for Plaintiff's Fourth Amendment rights.

46. Moreover, each of the Defendant Officers had a duty to prevent Plaintiff from suffering constitutional violations at the hands of the other officers, yet each Defendant Officer failed to do so.

47. At all relevant times Defendants, acting under color of law, were required to obey the laws of the United States including those laws identified and described in the Fourth Amendment to the United States Constitution.

48. Defendants actions deprived Plaintiff of liberty, bodily security, and integrity without due process of law.

49. Defendants acted intentionally and/or with deliberate indifference and/or with reckless disregard for Plaintiff's constitutional rights.

50. Plaintiff was not afforded any due process hearing prior to be deprived of her residence and effects.

51. No emergency existed at the time of Plaintiff's eviction that would have made a pre-deprivation due process hearing impractical.

52. The actions and/or omissions of Defendants as described above constitute violations of the United States Constitution as follows:

   a. An unreasonable search and seizure in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

   b. A deprivation of Plaintiff's liberty and property interests without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

53. The constitutional rights that Defendants violated were clearly established at the time that the violations occurred and any reasonable police officer in the Defendants Officers' positions would have understood that their conduct violated said rights.

54. Defendants are therefore not entitled to qualified immunity.

55. Further, Defendant Wilson was at all relevant times the supervising officer with authority over Defendants Yi, Kue, Ferreira, Toti, and Choucair.

56. Defendant Wilson expressly authorized, ratified, and acquiesced in Defendants Yi, Kue, Ferreira, Toti, and Choucair's removal of Plaintiff from her home and the seizure of herself and her effects, as well as the deprivation of her property and liberty interests without due process.

57. Accordingly, Defendant Wilson is subject to supervisory liability under 28 USC § 1983 for the actions of his inferiors Defendants Yi, Kue, Ferreira, Toti, and Choucair in violating Plaintiff's clearly established constitutional rights.

58. As a result of Defendants' actions, Plaintiff suffered serious and severe damages as hereinafter alleged.

## COUNT II: UNLAWFUL EVICTION AND INTERFERENCE WITH POSSESSORY INTEREST IN RESIDENCE UNDER MCL 600.2918

59. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

60. Michigan law states that any tenant in possession of premises whose possessory interest has been unlawfully interfered with by the owner is entitled to recover the amount of his or her actual damages or $200.00, whichever is greater, for each occurrence and, if possession has been lost, to recover possession. MCL 600.2918(2).

61. Unlawful interference with a possessory interest includes, *inter alia*: (a) use of force or threat of force; (b) removal, retention, or destruction of personal property of the possessor; (c) changing, altering, or adding to the locks or other security devices without immediately providing keys to the person in possession. MCL 600.2918(2).

62. "Owner" means the owner or an agent of the owner. MCL 600.2918(9).

63. Defendants Lopez and Emanuel, as owner and agent of the owner, respectively, unlawfully interfered with Plaintiff's possessory interest in her residence located at 6416 Barton, Detroit, Michigan by having her forcefully removed from the premises, removing the personal property of Plaintiff from the premises, and changing the locks of the residence without immediately providing keys to Plaintiff.

64. As a result of the actions of Defendants Lopez and Emanuel, Plaintiff suffered severe injuries and damages including but not limited to severe emotional distress, homelessness, and the other injuries and damages listed herein.

65. Accordingly, Plaintiff is entitled to recover the amount of her actual damages, as they exceed $200.00.

## COUNT III: CIVIL CONSPIRACY

66. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

67. As described above, the above-named several Defendants engaged in a concerted action to remove Plaintiff from her residence without due process, seize Plaintiff and her belongings, and to violate Michigan's eviction proceedings statutes.

68. Accordingly, Defendants' actions constitute a civil conspiracy, which requires (1) a concerted action (2) by a combination of two or more persons (3) to accomplish an unlawful purpose (4) or a lawful purpose by unlawful means. *Admiral Ins Co v Columbia Casualty Ins Co*, 194 Mich App 300, 313; 486 NW2d 351 (1992).

69. Plaintiff's civil conspiracy cause of action is based on the underlying causes of action for violation of her Fourth and Fourteenth Amendment rights, and violation of MCL 600.2918.

70. As a result of Defendants' actions, Plaintiff suffered serious and severe damages as hereinafter alleged.

## COUNT IV: *MONELL* VIOLATION AS TO THE CITY OF DETROIT

71. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

72. At the time of Plaintiff's unlawful eviction, Defendant City of Detroit, through the Detroit Police Department, had a policy, practice, and/or custom of evicting residential tenants without a court order and without assessing whether the eviction was lawful.

73. This unconstitutional policy, practice and/or custom was a driving force behind the constitutional violations suffered by Plaintiff, as herein alleged.

## **DAMAGES**

74. Plaintiff incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

75. By virtue of the Defendants' actions, Plaintiff has suffered, and continues to suffer, damages, including, but not limited to:

   a. Homelessness;

   b. Legal bills and expenses;

   c. Physical pain, suffering and discomfort, past, present and future;

   d. Mental anguish;

   e. Fright and shock;

   f. Discomfiture;

   g. Denial of social pleasures and enjoyment;

   h. Embarrassment, humiliation or mortification;

   i. Medical bills and expenses;

j.  Other economic loss;

k.  Any and all injuries later discovered or otherwise allowed under Federal and Michigan law.

76. By virtue of the Defendants' outrageous and egregious actions, Plaintiff is entitled to recover compensatory and punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter a judgment in Plaintiff's favor and against Defendant in an amount that is just and fair, and award costs, interest, and attorney fees as well as punitive, exemplary or hedonic damages or any other damages available under the law.

Respectfully submitted,

*/s/ Hannah R. Fielstra*
Hannah R. Fielstra (P82101)
**Ernst Charara & Lovell, PLC**
Counsel for Plaintiff
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
(313) 965-5555
(313) 965-5556—Fax
hannah@ecllawfirm.com

Dated: July 30, 2020

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in the above-captioned matter.

        Respectfully submitted,

        */s/ Hannah R. Fielstra*
        Hannah R. Fielstra (P82101)
        **Ernst Charara & Lovell, PLC**
        Counsel for Plaintiff
        645 Griswold Street, Suite 4100
        Detroit, Michigan 48226
        (313) 965-5555
        (313) 965-5556—Fax
        hannah@ecllawfirm.com

Dated: July 30, 2020