UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIANI DODSON and LOIS DODSON,

    Plaintiffs,

v.

KARLA NAVA LOPEZ, DION EMANUEL,
PETER YI, ERNEST WILSON, S.K. KUE,
B.I. FERREIRA, F. TOTI, S.W.
CHOUCAIR, and CITY OF DETROIT,

    Defendants.

Case No. 20-cv-12056

U.S. District Court Judge
Gershwin A. Drain

_____/

**OPINION AND ORDER GRANTING ATTORNEY CHRISTOPHER SINCLAIR'S MOTION TO WITHDRAW (ECF No. 57), OVERRULING OBJECTION TO NOTICE OF ATTORNEY'S LIEN (ECF No. 60), DENYING PLAINTIFF TIANI DODSON'S ORAL MOTION TO SEVER, GRANTING PLAINTIFF TIANI DODSON'S ORAL MOTION TO ADJOURN TRIAL, AND SETTING STATUS CONFERENCE**

**I.   INTRODUCTION**

On July 30, 2020, Plaintiffs Tiani Dodson and Lois Dodson initiated this civil rights action against Defendants Karla Nava Lopez,[1] Dion Emanuel as well as the

---

[1] While Summons issued twice for Defendant Nava Lopez, ECF Nos. 2, 11, it was never returned executed. Nor has she ever answered or been defaulted in this matter.

1

City of Detroit ("Detroit" or the "City") and Detroit police officers Peter Yi, Ernest Wilson, S.K. Kue, B.I. Ferreira, F. Toti, and S.W. Choucair (collectively the "Detroit Defendants"). *See* ECF No. 1. Plaintiffs' claims arise from an allegedly improper ejectment from their home. *Id*.

Plaintiffs, their counsel, and defense counsel appeared before this Court for a status conference on July 11, 2023. For the following reasons, as well as those discussed on the record, the Court will **GRANT** Attorney Sinclair's Motion to Withdraw (ECF No. 57), **OVERRULE** Plaintiff Tiani Dodson's Objection to Notice of Attorney's Lien (ECF No. 60), **DENY** Plaintiff Tiani Dodson's oral motion to sever, **GRANT** Plaintiff Tiani Dodson's oral motion to **ADJOURN** the trial scheduled for July 12, 2023, and **SET** a status conference for August 14, 2023 at 10:00 a.m.

## II.    BACKGROUND

On June 22, 2023, Attorney Christopher Sinclair filed a notice of appearance on behalf of both plaintiffs that listed a defendant not named in this case. ECF No. 51. He filed another appearance on behalf of both plaintiffs and naming the correct defendants on June 26, 2023, ECF No. 52, which the Court struck due to a filing error. Attorney Sinclair then filed a properly formatted document. ECF No. 53. On June 28, 2023, Plaintiff Lois Dodson filed an emergency motion to strike Attorney

Sinclair's appearance on her behalf. ECF No. 54. That day, the parties were scheduled to have a settlement conference before Magistrate Judge Anthony P. Patti, who also held argument on the representation issue. On June 29, 2023, Plaintiff Lois Dodson filed an emergency motion to enforce the stipulation reached on the record before Magistrate Judge Patti. ECF No. 55. This Court referred both of Plaintiff Lois Dodson's motions to Magistrate Judge Patti for resolution. ECF No. 56. On June 30, 2023, Magistrate Judge Patti granted the motion to enforce the stipulation and granted in part the motion to strike, thus striking Attorney Sinclair's appearance as to Plaintiff Lois Dodson only and substituting Attorney Sinclair as counsel for Plaintiff Tiani Dodson due to the breakdown in the relationship between her and her prior counsel, Attorneys Fielstra and Ernst.

Also on June 30, 2023, Attorney Sinclair filed a motion to withdraw as counsel for both plaintiffs. ECF No. 57. In his motion, he explains that Plaintiff Lois Dodson signed a retainer agreement with him when her mother did, but later changed her mind and decided to continue with her prior counsel, Attorneys Fielstra and Ernst. *Id.* at PageID.893. Attorney Sinclair further explains that there has been a breakdown in the attorney-client relationship with Plaintiff Tiani Dodson, including her resorting to belligerent behavior. *Id.* at PageID.893–94.

On July 3, 2023, Ernst Law Firm, PLC, Plaintiff Tiani Dodson's prior counsel, filed a notice of attorney's lien, in which they "claim[ed] a lien in this matter for

3

attorney fees and costs on any recovery on behalf of Tiani Dodson and assert[ed] their right of first recovery as to any other lien claimant." ECF No. 59, PageID.896. Attorney Sinclair and Plaintiff Tiani Dodson filed a joint objection to the lien due to the stipulated substitution of representation. ECF No. 60.

### III. Discussion

As stated *supra*, both plaintiffs, their counsel, and defense counsel appeared before the Court on July 11, 2023 for a status conference. Attorney Sinclair reiterated that there has been a breakdown in the attorney-client relation, and Plaintiff Tiani Dodson agreed on the record that she no longer wants Attorney Sinclair to represent her. Michigan Rule of Professional Conduct 1.16(b)(2) allows an attorney to withdraw from representation "if withdrawal can be accomplished without material adverse effect on the interests of the client, or if . . . good cause for withdrawal exists." The Court finds that good cause for the withdrawal exists. Accordingly, the Court will grant Attorney Sinclair's motion to withdraw and excuse him from the representation.

The Court will also overrule Attorney Sinclair and Plaintiff Tiani Dodson's objection to the Ernst Law Firm's attorney lien. "It is well settled under Michigan law that attorney's charging liens 'automatically attach to funds or a money judgment recovered through the attorney's services.'" *Laborers Pension Tr. Fund-*

*Detroit & Vicinity v. Interior Exterior Specialists Co.*, 824 F. Supp. 2d 764, 774 (E.D. Mich. 2011) (quoting *George v. Sandor M. Gelman, P.C.*, 201 Mich.App. 474, 477, 506 N.W.2d 583, 585 (1993)). The lien "is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit." *George*, 201 Mich.App. at 476, 506 N.W.2d 583. "Where, as here, there was a contingency agreement and the attorney was discharged before completion of 100% of the services, . . . the attorney is 'entitled to compensation for the reasonable value of his services on the basis of quantum meruit, provided that his discharge was wrongful or his withdrawal was with cause.'" *Soto v. Airborne Express, Inc.*, No. 07-CV-11035, 2009 WL 3388898, at *2 (E.D. Mich. Oct. 16, 2009) (quoting *Morris v. City of Detroit*, 189 Mich.App. 271, 278, 472 N.W.2d 43 (1991)).

After a brief recess to determine whether they could resume representing Plaintiff Tiani Dodson, Attorneys Fielstra and Ernst represented that there is a conflict of interest between Plaintiffs that they could not ethically represent both parties. Plaintiff Tiani Dodson then asked the Court for time to obtain new counsel. Given that Plaintiff Tiani Dodson is suddenly without counsel on the eve of trial, and that Defendants did not object to an adjournment, the Court finds good cause to adjourn the trial to allow Plaintiff Tiani Dodson to seek new counsel.

Plaintiff Tiani Dodson also asked the Court to sever her case from her daughter's. She explained that the case, and particularly the potential for damages,

has cause conflict in their relationship that she wishes to avoid. Federal Rule of Civil Procedure 21 permits courts to sever claims. Courts in this Circuit consider the following factors when determining whether to sever claims:

> (1) whether the claims arise out of the same transaction or occurrence;
> (2) whether the claims present some common questions of law or fact;
> (3) whether settlement of the claims or judicial economy would be facilitated;
> (4) whether prejudice would be avoided if severance were granted; and
> (5) whether different witnesses and documentary proof are required for separate claims.

*Parchman v. SLM Corp.*, 896 F.3d 728, 733 (6th Cir. 2018).

Here, the first, second, and fifth factors all unequivocally favor joinder. As the Court explained on the record, Plaintiffs' claims arise out of the same transaction or occurrence; present almost entirely, if not, the same questions of law and fact; and require the same witnesses and documentary proof. Additionally, with respect to the third factor, the parties clarified on the record that Defendants would not settle this matter as to only one plaintiff, and judicially economy would not be served by trying the same case twice. Finally, while the Court is sympathetic to the strife this matter has caused Plaintiff Tiani Dodson, her conflict with her daughter is insufficient to demonstrate prejudice warranting severance. Accordingly, the Court will deny her oral motion to sever.

Plaintiff Tiani Dodson also asked the Court to "pause the trial" to give her time to obtain to new counsel. Given that Plaintiff Tiani Dodson is now abruptly without representation on the eve of trial, the Court finds that an adjournment of the trial date is warranted. Accordingly, the Court will grant Plaintiff Tiani Dodson's oral motion to adjourn the July 12, 2023 trial date. The Court will conduct a status conference on August 14, 2023 at 10:00 a.m. If Plaintiff Tiani Dodson has obtained new counsel by that time, she is expected to appear with him or her.

## IV. Conclusion

Accordingly, for the reasons stated on the record during the July 11, 2023 status conference as well as those discussed *supra*, **IT IS HEREBY ORDERED** that

- Attorney Sinclair's Motion to Withdraw (ECF No. 57) is **GRANTED**;

- Plaintiff Tiani Dodson's Objection to Notice of Attorney's Lien (ECF No. 60) is **OVERRULED**;

- Plaintiff Tiani Dodson's oral motion to sever is **DENIED**;

- Plaintiff Tiani Dodson's oral motion to adjourn the trial is **GRANTED**, and the trial scheduled for July 12, 2023 is **ADJOURNED**; and

- The parties are **ORDERED** to **APPEAR** before this Court for a status conference on **August 14, 2023 at 10:00 a.m.**

7

**IT IS SO ORDERED**.

/s/ Gershwin Drain
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2023

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 12, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager